IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RHONDIE BELTON, LENORA BELTON, | ) ) ) |
| Plaintiffs, | ) ) Case No. 2:24-cv-00131 |
| v. | ) ) |
| SYMRISE, INC., | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant SYMRISE, INC. ("Defendant"), by and through its attorneys, Swanson, Martin & Bell, LLP, pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned action, commenced and pending in the State Court of Glynn County, Georgia, Case No. CE24-01146, to the United States District Court for the Southern District of Georgia for the reasons stated below:

## BACKGROUND

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

2. On November 5, 2024, Defendant received and accepted service of Plaintiffs' Amended Complaint which is attached as **Exhibit A**

3. Pursuant to 28 U.S.C. §1446(a), a copy of the State court file, is attached as **Exhibit B**.

4. Defendant's basis for removal to federal court is diversity of jurisdiction pursuant to 28 U.S.C. §1332 because: (1) there is complete diversity of citizenship between Plaintiffs and

the only named defendant Symrise, Inc. ("Symrise"); and (2) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

5. This Notice of Removal is timely filed with this Court within thirty (30) days after Defendant received the amended complaint "or other paper" from which the removable nature of this case was first ascertainable by Defendant. 28 U.S.C. §1446(b)(3).

6. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal was served upon Plaintiffs, by and through their attorney of record, and was filed with the Clerk of the State Court of Glynn County, Georgia.

7. By filing a Notice of Removal in this matter, Defendant does not waive its rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and they specifically reserve the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

## VENUE

8. This lawsuit may be removed to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C, § 1332(a)(1) and 1441(a).

9. The United States District Court for the Southern District of Georgia, Brunswick Division is the federal judicial district encompassing the State Court of Glynn County, Georgia, where this suit was originally filed. *See* 28 U.S.C. § 90(c)(5).

## DIVERSITY OF CITIZENSHIP

10. This Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1332 as all properly joined parties are diverse, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

11. Plaintiffs are each residents of Glynn County, Georgia. (Exhibit A at ¶¶ 1 & 5).

12. Defendant, Symrise, is a foreign corporation. (*See* Declaration of Jens Obermueller, attached as Exhibit C). For the purposes of diversity jurisdiction, a corporation is deemed a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1); *see also Beasley Forest Products, Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1371 (S.D. Ga. 2021) ("A corporation's principal place of business is determined by looking at the 'total activities' of the corporation"); *see also Daughetee v. Chr. Hansen, Inc.*, 960 F. Supp. 2d 849, 853 (N.D. Iowa 2013) ("Defendant Symrise, Inc. … is a New Jersey corporation with its principal place of business outside of Iowa or New Mexico").

13. As shown in **Exhibit C**, Symrise is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Therefore, Symrise is a citizen of New Jersey for purposes of establishing diversity jurisdiction. *See Beasley Forest Products, Inc.*, 515 F. Supp. 3d at 1371.

14. Accordingly, complete diversity exists between Plaintiffs and Symrise because Plaintiffs are citizens of Georgia and Symrise is a citizen of New Jersey. 28 U.S.C. § 1332, 1441.

**Factual Background**

15. Symrise owns and operates a fragrance manufacturing plant in Brunswick, Georgia located on Colonel's Island (the "Plant").

16. The Plant consists of multiple designated areas including an area known as "Area 5." (*See* Vincent Noble's Declaration attached as **Exhibit D**, ¶ 5). Area 5 consists of *inter alia* three reactors (R501, R502, and R503), which are utilized in the manufacturing process of pinane hydroperoxide. (*See id.* at ¶ 6).

17. On November 7, 2022, a fire ignited within Area 5 of the Plant. (Exhibit A, ¶ 10; *see also* Exhibit D, ¶ 14).

## AMOUNT IN CONTROVERSY

18. While not specifically pleaded, based on the allegations in Plaintiffs' Complaint, it appears that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. (Ex. A, p. 1); 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Plaintiff Rhondie Belton claims that as a direct and proximate result of his exposure to hazardous fumes caused by the explosions and fires he suffered serious physical injuries including Sarcoidosis, mental pain and suffering, loss of enjoyment of life, and substantial medical expenses. (Exhibit A, ¶¶ 12-15, 20, & 30.) Therefore, it is facially apparent from the allegations in Plaintiffs' Amended Complaint that the amount in controversy is satisfied by a preponderance of the evidence.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

19. A notice of removal must be filed within thirty days after the formal service of original process on a defendant. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

20. This removal is timely because it is filed within thirty days of service of process of the Amended Complaint on the Defendant. (*See* Exhibit B.)

21. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

22. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served upon Symrise are attached hereto as Exhibit B.

23. Symrise is providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiffs and filed with the State Court of Glynn County, Georgia.

25. No previous application has been made for the relief requested herein.

26. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is an action between citizens of different states.

## RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

27. If any question arises as to the propriety of the removal of this action, Symrise respectfully request the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable.

28. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of the Defendant's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) failure to state a claim; (6) failure to join an indispensable party; (7) standing; (8) waiver; (9) failure to exhaust administrative remedies; or (10) any other pertinent

claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Defendant, SYMRISE, INC. hereby files this Notice of Removal so that the entire State Court action, Case No. CE24-01146, now pending in the State Court of Glynn County, Georgia, be removed to the United States District Court for the Southern District of Georgia for all further proceedings.

Respectfully submitted this 21st day of November 2024.

**PIERSON FERDINAND, LLP**

*/s/ R. Bates Lovett*
R. Bates Lovett, Esq.
Georgia Bar No. 459568
237 Commodore Drive
Savannah, GA 31410
(912) 236-0261 (telephone)
(912) 844-1346 (mobile)
bates.lovett@pierferd.com

David E. Kawala, Esq.
Ronald L. Wisniewski, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax
dkawala@smbtrials.com
rwisniewski@smbtrials.com
*Pro Hac Vice to be filed*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| RHONDIE BELTON, LENORA BELTON, | ) ) ) |
| Plaintiffs, | ) Case No. _____ |
| v. | ) ) |
| SYMRISE, INC., | ) ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by filing with the PACER electronic filing system and via electronic mail which shall deliver same to:

John B. Manly, Esq.
James E. Shipley, Jr., Esq.
Manly Shipley, LLP
Post Office Box 10840
Savannah, GA 31412
john@manlyshipley.com
jim@manlyshipley.com

This 21st day of November 2024.

**PIERSON FERDINAND, LLP**

  */s/ R. Bates Lovett*
R. Bates Lovett, Esq.
Georgia Bar No. 459568
237 Commodore Drive
Savannah, GA 31410
(912) 236-0261 (telephone)
(912) 844-1346 (mobile)
bates.lovett@pierferd.com