IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RHONDIE BELTON and<br>LENORA BELTON,<br><br>    Plaintiffs,<br><br>v.<br><br>SYMRISE, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.  CE24-01146<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT**

COME NOW Rhondie Belton and Lenora Belton, Plaintiffs in the above-styled action, and amend their Complaint against Symrise, Inc. showing this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiffs are, and at all times material to this action, residents of the State of Georgia.

2.

Defendant Symrise, Inc. is a foreign for profit corporation that is authorized to do business in the State of Georgia.

3.

Defendant Symrise, Inc. may be served with process via its registered agent Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

. Jurisdiction and venue are proper in this Honorable Court.

1

## FACTUAL ALLEGATIONS

5.

Plaintiffs reallege and incorporate by reference all foregoing paragraphs of this Complaint as fully stated herein.

6.

Defendant Symrise, Inc. produces, manufactures, packages, and distributes chemicals for over 34,000 products.

7.

Defendant Symrise, Inc. stores various chemicals and chemical compounds, including but not limited to hydrogen peroxide, at its facility located at 209 SCM Road, Brunswick, Georgia 31523.

8.

Defendant Symrise, Inc. has received countless complaints and has been the subject of numerous investigations by various governmental agencies.

9.

On November 7, 2022, there were at least three explosions at the Symrise facility that occurred within several tanks containing pinane peroxide, a hydrogen peroxide mixture.

10.

The explosions resulted in an enormous chemical fire that caused a massive plume of thick black smoke that released hazardous noxious fumes into the air.

11.

At the time of the explosions, Plaintiff Rhondie Belton was working for SRM Concrete at Symrise, Inc.'s Brunswick facility and unfortunately, Plaintiff Rhondie Belton's jobsite was

located downwind from the massive explosion/fire.

12.

Shortly thereafter, Plaintiff Rhondie Belton began to experience constant nausea and weight loss that became so severe that he was admitted to the hospital on December 11, 2022.

13.

Plaintiff Rhondie Belton had no symptoms prior to the exposure to the chemical fire.

14.

Plaintiff Rhondie Belton underwent invasive testing revealing that he had hypercalcemia, transaminitis, and non-caseating granulomas which resulted in his diagnosis of Sarcoidosis.

15.

Plaintiff Rhondie Belton's exposure to the chemical explosion and fire led to his current condition.

## **COUNT ONE – STRICT LIABILITY**

16.

Plaintiffs reallege and incorporate by reference all foregoing paragraphs of this Complaint as fully stated herein.

17.

Defendant Symrise, Inc.'s conduct in maintaining dangerous chemicals on its premises is considered an ultrahazardous activity.

18.

Due to Symrise, Inc. engaging in ultrahazardous activity, it is strictly liable for its ultrahazardous activity, regardless of the exercise of due care.

19.

Symrise, Inc. knew, or in the exercise of ordinary care, should have known of the hazard involved and the probability of injury and/or damage to Plaintiff Rhondie Belton.

20.

As a direct and proximate result of the ultrahazardous activity conducted by Symrise, Inc., Plaintiff Rhondie Belton has suffered serious physical injuries, mental pain and suffering, loss of enjoyment of life, and substantial medical expenses.

## **COUNT TWO – NEGLIGENCE**

21.

Plaintiffs reallege and incorporate by reference all foregoing paragraphs of this Complaint as fully stated herein.

22.

Defendant knew or should have known the risk of explosion and/or fire at Symrise, Inc.'s Brunswick facility.

23.

Defendant knew or should have known of the leaking and/or improperly stored and/or improperly handled chemicals within the Symrise, Inc. Brunswick facility, and Defendant negligently failed to exercise due care in responding to the dangerous conditions.

24.

Defendant knew or should have known the risks to citizens in the area surrounding Symrise, Inc.'s Brunswick facility, including the risk of explosion and/or fire that would lead to toxic fumes, dust, particulate matter, and smoke being released into the air.

25.

Defendant knew or should have known that the release of such toxic fumes and other matters could and would cause significant health issues in the community and its surrounding areas, and the affected individuals would require medical attention and likely suffer long term health problems as a result.

26.

Defendant owed Plaintiffs a duty of care to comply with all applicable federal, state and local laws, regulations and/or ordinances.

27.

Defendant had a duty to exercise reasonable care to protect the public against foreseeable risks associated with the operation of Symrise Inc.'s Brunswick facility in maintaining chemical compounds which are dangerous commodities that cause a great risk of injury to persons and/or property.

28.

Defendant breached their duty of care by allowing certain unreasonable conditions to exist and by failing to properly store the chemicals, failing to inspect the facility, failing to train personnel to inspect and/or store, maintain, and safeguard the reactive chemicals in the proper manner, and failing to adopt adequate safeguards to prevent the catastrophic explosion/fire which produced and released a toxic plume on November 7, 2022.

29.

The catastrophic plume would not have occurred had the Defendant exercised reasonable care, much less than the high degree of care called for.  Therefore, Plaintiffs are entitled to relief based on *res ipsa loquitur*.

30.

Defendant's breach of its duties, directly and proximately caused injuries and damages to Plaintiff Rhondie Belton.

## COUNT THREE – LOSS OF CONSORTIUM

31.

Plaintiffs reallege and incorporate by reference all foregoing paragraphs of this Complaint as fully stated herein.

32.

On November 7, 2022, Plaintiffs Rhondie Belton and Lenora Belton were husband and wife.

33.

The injuries suffered by Plaintiff Rhondie Belton caused Plaintiff Lenora Belton to suffer a grievous impairment and interference with her society, affection, services, companionship, and consortium with her husband Plaintiff Rhondie Belton.

34.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory and other damages in such amounts as may be shown by the evidence at trial and determined by the enlightened conscience of a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.  That summons and process be issues and served upon Defendant;

b.  For a trial by jury comprised of twelve (12) persons;

c.  For judgment in favor of Plaintiffs and against Defendant;

    d.       That Plaintiffs be awarded all general and special damages allowed by law in an amount to be determined by the enlightened conscience of a fair and impartial jury; and

    e.       For such other and further relief as the Court deems just and proper.

This 5th day of November, 2024.

**MANLY SHIPLEY, LLP**

/s/ John B. Manly
JOHN B. MANLY
Georgia Bar No. 194011
JAMES E. SHIPLEY, JR.
Georgia Bar No. 116508
*Attorneys for Plaintiffs*

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com
jim@manlyshipley.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint has been served upon all parties via Odyssey electronic service and email to the following:

R. Bates Lovett, Esq.
Pierson Ferdinand
2 East Bryan Street, Suite 436
Savannah, Georgia 31404
bates.lovett@pierferd.com

This 5th day of November, 2024.

                                              **MANLY SHIPLEY, LLP**

                                              /s/ John B. Manly
                                              JOHN B. MANLY
                                              Georgia Bar No. 194011
                                              *Attorney for Plaintiffs*

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com